IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE H., EX. REL. T.H. ET AL.,[1] | ) ) ) | |
| Plaintiff, | ) ) | No. 24 C 3790 |
| v. | ) ) | Magistrate Judge Maria Valdez |
| LELAND DUDEK, Acting Commissioner of Social Security,[2] | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) by Plaintiff Terrence H. on behalf of T.H., a minor, to review the final decision of the Commissioner of Social Security denying his claims for Child Disability Benefits ("CDB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 13] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Leland Dudek is substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On February 28, 2018, Plaintiff filed applications for CDB, alleging disability since January 1, 2018. The claim was initially denied throughout all administrative stages, after which he filed an appeal with the United States District Court. Before the matter was fully briefed, Defendant stipulated to an agreed remand for further proceedings. On remand, the ALJ held a telephonic hearing on February 1, 2023. Plaintiff and his father appeared at the hearing and were represented by counsel.

On May 24, 2023, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the three-step sequential evaluation process established under the Social Security Act for minor claimants. *See* 20 C.F.R. § 416.924(a). The ALJ found at step one that T.H. had not engaged in substantial gainful activity since the application date of February 28, 2018. At step two, the ALJ concluded that T.H. had the following severe impairments: attention deficit hyperactivity disorder ("ADHD"); disruptive mood dysregulation disorder; and depressive disorder. The ALJ concluded at step three that T.H.'s impairments,

2

alone or in combination, do not meet or medically or functionally equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Thus, the ALJ found that T.H. was not disabled under the Social Security Act.

## DISCUSSION

### I.  ALJ LEGAL STANDARD

Under the Social Security Act, a minor is disabled if they have a physical or mental impairment, or combination of impairments, that results in marked and severe functional limitations, and that have lasted or can be expected to last for a continuous period of not less than 12 months or can be expected to result in death. In order to determine whether a minor claimant is disabled, the ALJ considers the following three questions in order: (1) Is the claimant engaged in substantial gainful activity? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations?

If an impairment does not meet or medically equal a listing, the ALJ considers the following six "domains" of functioning to evaluate whether an impairment functionally equals a listing: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). A minor functionally equals a listing if he has "marked" limitations in at least two domains or "extreme" limitations in one domain. *See id.* at (d)-(e).

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th 469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir.

4

1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054 (quoting *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014)); *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir.

5

2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III.  ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) The ALJ failed to articulate how she considered statements from T.H.'s teachers; (2) The ALJ improperly discounted the veracity of T.H.'s statements because he had received "little treatment" and because his father was reluctant to authorize the use of medication; (3) The ALJ improperly considered T.H.'s improvement in one domain; and (4) The ALJ failed to consider certain statements that were favorable to T.H. from nonteacher sources.

Plaintiff asserts that the ALJ did not articulate how she considered several statements from T.H.'s teachers that Plaintiff claims supported a finding of disability. Plaintiff makes two distinct arguments with respect to this assertion. First, Plaintiff argues that the ALJ should have articulated how much evidentiary weight she afforded the statements. Indeed, in her decision, the ALJ explicitly states that "teacher reports are considered evidence from nonmedical sources. As such, the undersigned declines to articulate how they were considered as if they were medical opinions." In response, Defendant explains that because the teachers' statements are not medical opinions, the ALJ is not required to state what weight she gave the statements as if they were medical opinions. In Plaintiff's reply brief,

6

he accepts Defendant's contention. Because Plaintiff abandons this first argument, the Court expressly makes no finding with respect to this argument.

Plaintiff's second argument with respect to the teachers' statements is that the ALJ failed to articulate how she considered the statements more generally. In response, Defendant cites several excerpts from the ALJ's decision in which she acknowledges the teachers' statements. This, Defendant contends, proves that the ALJ analyzed this evidence. Perhaps she did, but she did not adequately articulate why this evidence was apparently rejected. *See Moore*, 743 F.3d at 1123 ("The ALJ must confront the evidence that does not support her conclusion and explain why that evidence was rejected."). Thus, the Court is unable to review the ALJ's reasoning for reaching her conclusion that T.H. is not disabled. ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054 (quoting *Moore*, 743 F.3d at 1123).

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the veracity of T.H.'s statements are properly considered; T.H.'s improvement in one

domain is properly considered; and the statements that are favorable to T.H. from other nonteacher sources are properly considered.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 13] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**            **ENTERED:**

**DATE:**    May 5, 2025                 _____
                                                                 **HON. MARIA VALDEZ**
                                                                 **United States Magistrate Judge**